```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
TRUSTEES OF THE NEW YORK CITY                                    :
DISTRICT COUNCIL OF CARPENTERS                                   :
PENSION FUND, WELFARE FUND,                                      :
ANNUITY FUND, AND APPRENTICESHIP,                                :
JOURNEYMAN RETRAINING,                                           :
EDUCATIONAL AND INDUSTRY FUND, et al.,                           :
                                                                 :
                                Petitioners,                     :
                                                                 :
                -against-                                        :
                                                                 :
AAA WINDOWS & DOORS CORPORATION,                                 :
also known as AAA Windows & Doors NJ, also known                 :
as AAA Windows and Doors,                                        :
                                Respondent.                      :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/2025

1:25-cv-2646-GHW

MEMORANDUM OPINION & ORDER

GREGORY H. WOODS, District Judge:

Respondent AAA Windows & Doors Corporation violated its collective bargaining agreement by failing to make contributions to various employee-benefit funds. Petitioners now seek to confirm an arbitration award obtained against Respondent as a result of that violation pursuant to Section 301 of the Labor Management Relations Act (the "LMRA"). Petitioners have demonstrated that the arbitration proceeding was conducted in accordance with the parties' agreements, that the arbitration award draws its essence from the agreements, and that the arbitration award is based on undisputed evidence. Accordingly, the arbitration award is confirmed.

I.  BACKGROUND[1]

   A. The Parties

In this action, the Trustees of the New York City District Council of Carpenters Pension,

---

[1] The undisputed facts are drawn from Petitioners' Local Rule 56.1 statement and sworn documents submitted in connection with this petition.

Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds"); the Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund"); and the Carpenter Contractor Alliance of Metropolitan New York ("CCA" and, together with the other petitioners, the "Funds" or the "Petitioners"), seek to confirm an arbitration award pursuant to a collective bargaining agreement with Respondent. Dkt. No. 1 ¶ 1 ("Petition").

The Trustees of the ERISA Funds are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act ("ERISA"). *Id.* ¶ 4; Dkt. No. 14 ¶ 1 ("Rule 56.1 Statement"). The Trustees of the Charity Fund are trustees of "a charitable organization established under section 501(c)(3) of the Internal Revenue Code." Petition ¶ 5; *see* Rule 56.1 Statement ¶ 2. CCA is a "New York not-for-profit corporation." Rule 56.1 Statement ¶ 3. All three Petitioners are based in New York City. *Id.* ¶¶ 1–3.

The New York City District Council of Carpenters (the "Union") is a "labor organization that represents employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142." *Id.* ¶ 4. It is also based in New York City. *Id.* The Union represents certain employees of Respondent. *Id.*

Respondent is a New Jersey corporation. Petition ¶ 7. It has contracted to perform various construction projects for the State of New York. Rule 56.1 Statement ¶ 6.

### B. The Collective Bargaining Agreement

From April 12, 2018 through June 30, 2024, Respondent was bound by a collective bargaining agreement with the Union called the Independent Building Construction Agreement (the "CBA"). *Id.* ¶ 11; Dkt. No. 12 ("Spencer Declaration"), Ex. C at 1 (CBA) (providing that the CBA applied for the period of "July 01, 2017 - June 30, 2024"). Respondent was bound by the CBA

through its execution on April 12, 2018 of a Project Labor Agreement Letter of Assent in connection with a construction project for the New York Psychiatric Institute ("NYPI"). Rule 56.1 Statement ¶¶ 6–7; Spencer Declaration ¶ 6; *id.* Ex. A (the "NYPI PLA Assent Letter"). Under the NYPI PLA Assent Letter, Respondent agreed "to conform with the requirements of the Project Labor Agreement (the "NYPI PLA") . . . covering specified construction and renovation work" in connection with the construction project. NYPI PLA Assent Letter at 1; Spencer Declaration Ex. B (NYPI PLA). Under the NYPI PLA, Respondent agreed to be bound by, among other collective bargaining agreements, the CBA. NYPI PLA, Art 2, Sec. 4; Rule 56.1 Statement ¶ 12; Spencer Declaration ¶ 9.

### C. Contributions and Audits under the Collective Bargaining Agreement

The CBA provides that "[t]he Employer shall make contributions for each hour worked of all employees covered by this Agreement and employed by the Employer within the territory of this Agreement." CBA, Art. XV § 1. Petitioners are three of the funds listed in the CBA to which contributions are to be made. *Id.* They are the funds to which Respondent was required to contribute in connection with work done by its employees within the trade and geographical territory covered under the CBA. *See* Dkt. No. 13 ¶ 5 ("Davidian Declaration").

The CBA requires covered employers to make their books and records available for audits by the Trustees of the Funds at the discretion of the Trustees:

> Each signatory Employer shall make available to the Trustees of the various Fringe Benefit Trust Funds, or their designated auditing representative, all pertinent books and records, including but not limited to, all cash disbursement records, required for an audit, to enable . . . said auditor to ascertain and to verify, independently, that the proper contributions hereunder have been paid and such records will be produced whenever deemed necessary for the Trustees in connection with the proper administration of their fiduciary responsibilities. . . . The extent of the audit, and the determination as to what pertinent records are necessary to complete the audit, is in the sole discretion of the Employer/Union Trustees, so that they may independently verify that all required contributions have been made and discover the identity of all beneficiaries under the plans for which they have been entrusted, for proper administration.

CBA, Art. XV § 1.

The CBA also provides that "[e]ach Employer shall be bound by . . . all By-Laws, rules, procedures and policies adopted to regulate each of said Funds, including but not limited to, the Funds' Revised Statement of Policy for Collection of Employer Contributions." *Id.*, Art. XV § 3. On May 24, 2023, the Trustees of the Funds established a Revised Statement of Policy for Collection of Employer Contributions. Davidian Declaration Ex. H (the "Collection Policy"). The Collection Policy is binding on Respondent pursuant to the CBA. CBA Art. XV § 3.

The Collection Policy provides that "[t]he Outside Accounting Firms engaged by the Funds shall periodically review and/or audit the books and records of all the employers bound by or signatory to a collective bargaining agreement with [the Union]." Collection Policy § IV.1. If an employer refuses to comply with an audit, the Collection Policy provides a method for estimating the amount of delinquent contributions. In particular, the Funds

> shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period. If the employer reported no hours during the audit period, then the determination shall be made based on the highest number of average hours reported per week for any period of four consecutive weeks during the prior audit period.

*Id.* § IV.12. The Collection Policy further provides that if a determination is made pursuant to this method, the determination "shall constitute presumptive evidence of delinquency." *Id.*

### D. Disputes under the Collective Bargaining Agreement

The Collection Policy provides that "legal action to collect delinquencies shall generally be in the form of arbitration." *Id.* § VI.1. It permits the Trustees to "designate one or more arbitrators to serve in collection matters," and provides that the Trustees "hereby designate a panel of five arbitrators, consisting of: Roger Maher, J.J. Pierson, Steven Kasarda, Jeffrey Stein and Daniel Engelstein." *Id.* § VI.2. The panel "can be changed at any time at the discretion of the Trustees."

4

*Id.*

The CBA and Collection Policy provide that, in the event that the Funds must arbitrate a dispute or sue for unpaid contributions, the Funds are entitled to collect more than the late contributions alone. Davidian Declaration ¶ 12. In addition to the delinquent amount, the Funds are entitled to "a delinquency assessment." Collection Policy § V.4. "The amount of the delinquency assessment shall be the greater of (a) interest on the delinquent contributions . . . or (b) liquidated damages in the amount of twenty percent (20%) of the principal amount of all delinquent contributions." *Id.* The Funds are also entitled to interest on the delinquent amount, which is "calculated at the prime lending rate of JPMorgan Chase Bank plus 200 basis points." *Id.* § V.1. Finally, the Funds are entitled to "[a]ll recoverable costs actually incurred in court or other legal actions for the collection of delinquent contributions." *Id.* § V.7.

### E.  The Underlying Dispute and Arbitration

Pursuant to the terms of the CBA and the Collection Policy, Petitioners conducted an audit of Respondent covering the period from December 8, 2019 through December 30, 2023. Davidian Declaration ¶ 14. The audit calculated that Respondent had failed to remit $75,774.94 in contributions to the Funds. Davidian Declaration ¶ 14; *Id.* Ex. I (the "Audit Calculation"). Respondent did not challenge the estimated audit findings. *See id.* Ex. J.

After conducting the audit, the Funds initiated arbitration before Daniel Engelstein (the "Arbitrator"). *Id.* ¶ 16; *see also* Collection Policy § VI.2 (designating Mr. Engelstein as an arbitrator). The arbitration was held on December 5, 2024. Davidian Declaration Ex. J at 2. The Arbitrator mailed Respondent notice of the arbitration in a letter dated November 12, 2024. *Id.* Respondent did not appear at the arbitration. *Id.*

In a December 6, 2024 decision, the Arbitrator determined that Respondent had violated the CBA by failing to make contributions to the Funds. *Id.* He awarded Petitioners $128,982.25,

consisting of $75,774.94 in total principal, $19,925.01 in interest on the principal, $19,964.79 in liquidated damages, $127.92 in promotional-fund contributions, $1,569.59 in late-payment interest, $9,120 in auditor's fees, $1,500 in attorneys' fees, and $1,000 in arbitration costs. *Id.* He also determined that interest at an annual rate of 10.50% would accrue on the award from the time it was issued. *See id.*; Rule 56.1 Statement ¶ 28 n.2. Petitioners served Respondent with a demand for "payment and compliance with the Award" on December 12, 2024. Dkt. No. 14 ¶ 4("Iorfino Declaration"); *id.* Ex. L (demand letter, stating that "[a] copy of the Award is enclosed").

"Respondent has not complied with the Award." *Id.* ¶ 6.

### F. Relief Sought

Petitioners now seek confirmation of the Award "in all respects." Petition at 8. They seek: (1) judgment in the amount of $128,982.25 pursuant to the Award "plus pre-judgment interest from December 6, 2024, the date of the Award, through the date of judgment, at an annual rate of 10.50%"; (2) an award of $3,925.50 in attorneys' fees and $542.90 in costs arising out of this petition; and (3) "post-judgment interest at the statutory rate." Petition at 8-9; Iorfino Declaration Ex. N ("Proposed Judgment").

The requested attorneys' fees are based on 13.4 hours of work. Iorfino Declaration ¶ 13. Petitioners' counsel, Virginia & Ambinder, LLP ("V&A"), billed for work by a partner "at a rate of $430 per hour for work performed in connection with this matter." Rule 56.1 Statement ¶ 34; Iorfino Declaration ¶ 10. It billed for work by an associate "at a rate of $325 per hour for work performed in connection with this action." Rule 56.1 Statement ¶ 34; Iorfino Declaration ¶ 9. It billed for the work of two legal assistants "at a rate of $163 per hour for work performed in connection with this action." Rule 56.1 Statement ¶ 34; Iorfino Declaration ¶¶ 11.

### G. Procedural History

Petitioners filed a petition to confirm the arbitration award on March 31, 2025. Petition at

10. They moved for summary judgment on April 22, 2025. Dkt. No. 11. Respondent has not entered an appearance or made any filings with the Court despite being properly served with the summons, petition, motion for summary judgment, and all other relevant filings. *See* Dkt. No. 9; Dkt. No. 17.

## II. LEGAL STANDARD

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 [], provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11-cv-4421 (ENV) (RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

The Court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute." *Id.* at 537. Instead, the Court's task is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (noting that an arbitration award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case" and that "[o]nly a

7

barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award" (internal quotation marks omitted)).

"[A]n arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999); *see also Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *Gottdiener*, 462 F.3d at 109. Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

### III.   DISCUSSION

The unopposed evidence submitted by Petitioners demonstrates that they are entitled to confirmation of the Award, post-judgment interest, and attorneys' fees and costs.

#### A. Confirmation of the Arbitration Award

There is no reason to believe that Petitioners procured the Award through fraud or dishonesty, or that the Arbitrator disregarded the CBA or acted outside the scope of his authority as arbitrator. To the contrary, the record indicates that the Arbitrator based the amount of his award of principal, interest, liquidated damages, and various costs on relevant provisions in the agreements

and on undisputed testimony. *See* Award at 1–3. Accordingly, the Court grants Petitioners' motion and confirms the Award, including pre-judgment interest at a rate of 10.50% per annum from the date of the award through the date of judgment in this action. *See id.* at 3.

### B. Post-Judgment Interest

Petitioners also request post-judgment interest accruing from the date of judgment until Respondent pays in full. Petition at 9. Under 28 U.S.C. § 1961, "[t]he award of post-judgment interest is mandatory," *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (quotation omitted), and this mandate applies when confirming arbitration awards, *see, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004). Therefore, the Court grants Petitioners' request for post-judgment interest. Post-judgment interest shall accrue at the statutory rate from the date judgment is entered until payment is made in full.

### C. Attorneys' Fees and Costs of Bringing this Petition

Petitioners also seek to recover reasonable attorneys' fees and costs incurred by bringing this petition. Petition at 9. "[I]n a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). Section 301 of the LMRA does not provide for recovery of attorneys' fees. *See id.* "Nevertheless, because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without justification." *Abondolo v. H. & M.S. Meat Corp.*, No. 07-cv-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (internal quotation marks omitted) (quoting *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03-cv-5122 (DAB), 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003)).

"A party's failure to comply immediately with an arbitration award does not necessarily

warrant an award of attorney's fees." *Id.* But courts have found such an award permissible where "the party challenging the award has refuse[d] to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc., v. Retail, Wholesale & Chain Store Food Emps. Union, Local 338*, 118 F.3d 893, 898 (2d Cir. 1997); *see also Ceona PTE Ltd. v. BMT Giant, S.A. De C.V.*, No. 16-cv-4437 (WHP), 2016 WL 6094126, at *3 (S.D.N.Y. Oct. 19, 2016) (awarding attorneys' fees and costs to petitioner seeking confirmation of an arbitration award where the respondent "failed to satisfy the Final Award, and has not responded to [the petitioner's] petition in this action"); *Herrenknecht Corp. v. Best Road Boring*, No. 06-cv-5106 (WHP), 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (awarding attorneys' fees and costs to petitioner in unopposed petition to confirm an arbitration award where respondent "offered no justification for refusing to comply with the decision of the arbitrator").

Here, an award of attorneys' fees and costs is justified. By entering into the collective bargaining agreement, Respondent agreed to submit disputes arising from the CBA to binding arbitration. CBA Art. XV § 3; Collection Policy § VI.1. The Collection Policy explicitly entitles Petitioners to recover attorneys' fees incurred "in collection efforts or in enforcing the Board of Trustees' rights to payroll reviews and/or audits." Collection Policy § V.6; *see New York City Dist. Council of Carpenters Pension Fund v. Dafna Const. Co.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) (awarding attorneys' fees in confirming an arbitration award "because the Agreement itself require[d] [respondent] to pay attorneys' fees incurred by the Trustees in seeking confirmation"). Respondent has neither complied with the Award nor provided any justification for its failure to do so. *See* Iorfino Declaration ¶ 6. For these reasons, the Court finds that it is just and reasonable to award Petitioners reasonable attorneys' fees and costs pursuant to bringing this action.

To calculate reasonable attorneys' fees, "district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate." *McDonald ex rel. Prendergast v. Pension*

10

*Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "[I]t is within the Court's discretion to reduce the requested rate" when the Court finds the rate unreasonable in the relevant market. *Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Stevenson Contracting Corp.*, No. 05-cv-5546 (GBD) (DF), 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) (citing *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)), *report and recommendation adopted*, 2008 WL 2940517 (S.D.N.Y. July 29, 2008). To assist the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded" from the calculation of a reasonable fee. *Id.* (quoting *Hensley*, 461 U.S. at 434).

Petitioners' request is reasonable. Petitioners request $3,925.50 in attorneys' fees and $542.90 in costs incurred in bringing this petition. Iorfino Declaration ¶¶ 13–14; Rule 56.1 Statement ¶¶ 36–37. Petitioners submitted invoices documenting the specific tasks performed, the number of hours worked in total (13.4), and hourly rates for the two attorneys and two legal assistants who worked on the case. Iorfino Declaration Ex. M. These are satisfactory records of the attorneys' efforts and sufficiently set forth the specific fees and costs incurred while seeking confirmation of the award. *See id.* Furthermore, these fees "are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys for their services." Iorfino Declaration ¶ 12. The Court also concludes that 13.4 hours is a reasonable number of hours worked given the description of the tasks performed.

The fees are based on the following rates. Maura Moosnick, a partner at V&A, billed "at a rate of $430 per hour for work performed in connection with this action." Rule 56.1 Statement ¶ 34; Iorfino Declaration ¶ 10. Lillianna Iorfino, an associate at V&A, billed "at a rate of $325 per hour for work performed in connection with this action." Rule 56.1 Statement ¶ 34; Iorfino Declaration ¶ 9. Abigail Frankel and Eva Keating, both legal assistants at V&A, billed "at a rate of $163 per hour for work performed in connection with this action." Rule 56.1 Statement ¶ 34; Iorfino Declaration ¶ 11.

Ms. Moosnick's rate is reasonable given that her "primary practice area is ERISA litigation" and she "routinely handles arbitration hearings and petitions to confirm arbitration awards on behalf of funds." Iorfino Declaration ¶ 10; *see N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (noting that the rate of $425 per hour for partners in 2009 was a reasonable rate commensurate with the costs of similar work in the district for LMRA cases); *Watkins v. Smith*, No. 12-cv-4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases.").

Ms. Iorfino's rate of $325 is also reasonable. Ms. Iorfino graduated from law school in 2021 and has more than three years of experience practicing commercial litigation. Iorfino Declaration ¶ 9. $325 per hour is a reasonable rate for work in cases like this one by an associate with more than three years of experience. *See 32BJ N. Pension Fund v. Sedgwick & N. Halls Housing Development Fund Co., Inc.*, 24-cv-3674 (VSB) (HJR), 2025 WL 37563, at *5 (S.D.N.Y. Jan. 6, 2025) ("Courts in this district have . . . awarded rates between $250.00 and $350.00 for associates with approximately five years of experience."); *Wine, Liquor & Distillery Workers' Union, UFCW Loc. 1-D Pension Fund v. Sherry-Lehmann, Inc.*, No. 24-cv-4945 (LGS) (SN), 2025 WL 1167023, at *5 (S.D.N.Y. Feb. 27, 2025) (finding rate of $300.00 for junior associate with less than three years of experience was reasonable).

The requested rate of $163 per hour for the legal assistants is reasonable as well.  *See, e.g.*, *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Minelli Constr. Co.*, No. 25-cv-1036 (GHW), 2025 WL 1360452, at *7 (S.D.N.Y. May 7, 2025) (finding billing rate of $163 per hour for work done by legal assistants in similar LMRA case was reasonable).

Finally, Petitioners' request for $542.90 in court costs and service fees is reasonable.  Iorfino Declaration ¶ 14; Rule 56.1 Statement ¶ 37.  Courts in this district routinely permit the recovery of such costs.  *See New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16-cv-1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016).

Accordingly, Petitioners' request for attorneys' fees and costs is granted.  Petitioners are entitled to $3,925.50 in attorneys' fees and $542.90 in costs.

## IV. CONCLUSION

For these reasons, the petition to confirm the arbitration award is GRANTED.  The Clerk of Court is directed to enter judgment for Petitioner in the amount of $128,982.25, plus prejudgment interest calculated at 10.50% per annum from December 6, 2024 through the date of judgment, together with attorneys' fees and costs in the amount of $4,468.40.  Post-judgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full.

SO ORDERED.

Dated:  July 8, 2025
New York, New York

GREGORY H. WOODS
United States District Judge